517 So.2d 894 (1987)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Plaintiff-Appellant,
v.
Charles J. ASWELL, et ux., Defendants-Appellees.
No. 86-830.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
*895 Paul Ray Dry, Baton Rouge, for plaintiff-appellant.
J. William Pucheu, Ville Platte, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
GUIDRY, Judge.
This matter was consolidated at the trial level with a suit entitled State of Louisiana, Department of Transportation and Development versus Essie Deville Vidrine et al. The suits remain consolidated on appeal, the latter case bearing our docket number 86-831. The issue presented in both appeals is identical and will be disposed of in this opinion, although we render a separate decree in the companion suit.
In these consolidated appeals, the State of Louisiana, Department of Transportation and Development (hereafter DOTD or the Department) seeks review of judgments of the district court dismissing its demands for expropriation of two parcels of land, one on the east side and the other on the west side of Lithcote Road in Ville Platte, Evangeline Parish, Louisiana.
On July 2, 1979 and November 16, 1979, DOTD sought to expropriate parcels of land from the Vidrine and Aswell families respectively, under the provisions of La.R. S. 48: 441 et seq. Acquisition of the two tracts bordering Lithcote Road (see diagramAppendix 1) was alleged to be necessary in order to improve the junction of Lithcote Road with La. U.S. Highway 167. This improvement was to be in connection with State Project Number 66-07-11, the upgrading of La. U.S. 167 from a two-lane facility to a couplet system.
The landowners timely filed motions to dismiss the expropriations in the separate suits, and the matters were consolidated for trial. The motions to dismiss were heard on April 30, 1981; the matters taken under advisement; and, reasons for judgment, dismissing the expropriations, signed and filed May 28, 1981. For some unexplained reason, judgments in the suits were not signed until March 24, 1986. From these judgments, DOTD timely appealed.
The single issue on appeal in both cases is whether the trial court erred when it dismissed DOTD's demand for expropriation, concluding that plaintiff did not "need all of the property expropriated in order to complete its bypass".
It is settled in our law and jurisprudence that when a property owner contests an expropriation by the State under the quick taking statute, there are only three issues into which the courts can inquire: (1) whether the property was taken for a highway purpose; (2) whether the expropriating agency acted arbitrarily, capriciously or in bad faith in determining the necessity of the taking; and, (3) the adequacy of the compensation. La.R.S. 48:441 et seq; La. Const. 1974, art. 1 § 4; State, Through Department of Highways v. Jeanerette Lumber and Shingle Co., Ltd., 350 So.2d 847 (La.1977); State, Through Department of Highways v. Olinkraft, Inc., 350 So.2d 865 (La.1977), cert. denied, 435 U.S. 924, 98 S.Ct. 1489, 55 L.Ed.2d 518 (1978).
It is abundantly clear that not only is it the defendant who bears the burden of proving the allegations of arbitrariness, capriciousness and bad faith, but that this burden is a heavy one which can only be carried by the production of clear and convincing proof. City of Thibodaux v. Dr. Billy W. Hillman, 464 So.2d 370 (La.App. 1st Cir.1985); State, Department of Transportation and Development v. K.G. Farms, Inc., 402 So.2d 304 (La.App. 1st Cir.1981), writ denied, 406 So.2d 625 (La.1981); the Jeanerette and Olinkraft cases, supra. It is equally well settled that issues concerning location of the expropriation, extent of the estate to be taken, the nature of the title taken, and the wisdom of pursuing a particular project are not subject to judicial determination, absent allegations and proof of specific facts showing arbitrariness and bad faith on the part of DOTD. Jeanerette, supra.
In these suits, defendants were, and are, represented by the same counsel and both motions to dismiss employ the same language. The motions directly allege that *896 the Department acted arbitrarily and capriciously in the expropriations and, although not stated in so many words, allude to bad faith in the taking. Specifically, the motions claim that the expropriations (1) were excessive and unnecessary; (2) exceeded the rights granted to the State and to DOTD; (3) were unauthorized in that they were not specifically called for in State Project Number 66-07-11; and, (4) were not in the best interest of the public safety or convenience.
The records before us contain proof that the land sought to be expropriated by DOTD was for public highway use. On the other hand, defendants introduced no evidence which would tend to contravene or even place in controversy DOTD's purpose for expropriating the land in question. They engaged no expert to testify as to why the takings were not necessary; nor did they present any direct testimony or documentary proof to support their allegations that the takings were arbitrary and capricious. Their entire case consisted of their cross-examination of a DOTD engineer, William K. Fontenot, Jr. Fontenot testified that his primary duty in connection with the project was to see that it was constructed according to the Department's plans and specifications. He stated that he was not a design engineer and was not prepared to testify as to why DOTD needed the particular parcels of land expropriated. However, Fontenot did state that it was typical for the Department to realign some intersections in connection with projects similar to the one proposed.
The only soupcon of support for defendant's allegations consists of Fontenot's testimony that DOTD, in an attempt to avoid litigation, offered to decrease by fifteen feet the width of the contested right of way and his statement that the improvements to La. U.S. 167, itself, could be made without including the proposed improvements to the Lithcote Road intersection. This hardly constitutes clear and convincing proof that DOTD's expropriation of the contested parcels was arbitrary and capricious.
In sum, we find that defendants failed to establish that the Department acted arbitrarily in its determination that expropriation of the properties in question was necessary. The trial judge clearly erred in concluding otherwise.
For these reasons, the judgment of the trial court is reversed and set aside and defendants' motion to dismiss the expropriation is dismissed with prejudice. Inasmuch as the issue of just compensation has been reserved to the parties, this matter is remanded to the trial court for further proceedings with regard to the payment of compensation to the defendants. All costs of this appeal are assessed to the defendants. Costs at the trial level are to await a final determination of this matter.
REVERSED AND REMANDED.
*897