Dear Judge Delery:
Your request for an Attorney General's Opinion was forwarded to me for research and reply. In particular you asked the following:
 Are the provisions of RS. 11:3690 that pay money collected as fines by the courts of Orleans Parish directly to the pension fund of the Harbor Police constitutional?
R.S. 11:3690 states, "All fines collected by any court, official or agency from violators of Ordinances of the City of New Orleans applicable to the wharves, landings and river front of the city or ordinances of the Board of Commissioners of the Port of New Orleans, as provided for in RS. 34:25, shall be transmitted to the board of trustees of this system", (the system meaning the Harbor Police Retirement System for the Port of New Orleans).
After a careful review of the jurisprudence and applicable law, it is the opinion of this Office that R.S. 11:3690 and its funding of the Harbor Police pension fund by fines collected on tickets written by the Harbor Police is analogous to the disbursement of forfeited assets provided for in LSA-R.S. 40:2601et seq.
R.S. 40:2616 provides that the District Attorney may retain forfeited assets "for official use or transfer the custody or ownership of any forfeited property to any local, state or federal agency." This statute was reviewed in State v. Clark,670 So.2d 493 (La.App.Ct. 3rd Cir. 1996). In Clark the court held such a provision does not violate the defendant's constitutional right to a fair and impartial trial even though twenty percent of the forfeiture went to the criminal court fund of the district court. Defendant argued that this incentive to the court deprived him of an impartial tribunal. The appellate court found no merit in this argument, stating that "[s]alaries of judges are fixed by law and are paid out of funds annually appropriated for that purpose by the legislature. The day-to-day expenses of operating the courts are paid by public funds and inure to the benefit of judges individually no more so than to the benefit of every citizen of the state." Clark, supra, at 501. *Page 2 
The provision in question provides a source of funding for the pension system. It does not influence in any way the amount of money to which any officer or group of officers is entitled to receive through the pension fund. That determination is made strictly upon the individual officer's length of service and rate of compensation, RS. 11:3685.
Another analogous situation is found in the Supreme Court's response to a similar challenge levied in the context of enforcing provisions of the Fair Labor Standards Act, Marshallv. Jerrico, 446 U.S. 238, 100 S.Ct. 1610 (1980). Jerrico, Inc. claimed that due process was violated by a provision of the Fair Labor Standards Act providing that money collected as a civil penalty for the employment of child labor should be returned to the Department of Labor as reimbursement for the cost of determining the violation. Jerrico argued this reimbursement provision created an impermissible risk of bias in the enforcement and administration of the Fair Labor Standards Act. In holding the provision constitutional the Supreme Court found "that no official's salary is affected by the levels of the penalties." This, coupled with the fact that "[o]ur legal system has traditionally accorded wide discretion to criminal prosecutors in the enforcement process" Marshall, supra, at 248, persuaded the Court that the provision was constitutional.
Following the logic of the United States Supreme Court inMarshall as well as the Louisiana Third Circuit in Clark, it is the opinion of this Office that RS. 11:3690 does not violate the constitutional rights of a defendant whose prosecution is initiated by the Harbor Police despite that organization's benefit from the collection of fines by the court.
I hope that this opinion sufficiently answers your question. If our office can be of further assistance, please do not hesitate to contact us.
Very Truly Yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: Douglas W. Freese
Assiant Attorney General