COMMONWEALTH vs. LAWRENCE GOLDMAN.

Suffolk.    April 8, 1986. — August 12, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Civil,* Forfeiture proceeding. *Due Process of Law,* Forfeiture proceeding.

At the hearing on a defendant's pleas of guilty to controlled substance charges arising from a police search of his place of business, the judge had authority under G. L. c. 94C, § 47 (*b*), to order forfeiture of money seized during the search, without the filing by the Commonwealth of a separate forfeiture petition under G. L. c. 94C, § 47 (*d*). [202-203]

A criminal defendant who pleaded guilty to controlled substance charges and who, as part of the sentencing proceeding, was ordered to forfeit to the Commonwealth certain money seized by police during a search of his place of business was constitutionally entitled to a hearing on the questions whether the forfeiture had been unreasonably delayed and whether the funds seized were used in, or were proceeds of, his unlawful drug activities. [203-204]

INDICTMENTS found and returned in the Superior Court Department on July 13, 1978.

Pleas of guilty were received by *Harry J. Elam,* J., who, after sentencing the defendant, ordered that he forfeit certain funds to the Commonwealth.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Kevin P. Curry* for the defendant.

*Robin A. Pearl,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant challenges an April 26, 1985, Superior Court judgment ordering the forfeiture of $4,460 to the Commonwealth. The police seized the money, along with controlled substances and drug paraphernalia, in the course of executing a search warrant on March 24, 1978, at the defend-

ant's Boston restaurant. The defendant was charged in five indictments with possession of controlled substances with intent to distribute. G. L. c. 94C, § 31. He challenges the lawfulness of the forfeiture judgment because it was entered in the criminal proceedings themselves and not in connection with an independent petition brought by the Commonwealth under G. L. c. 94C, § 47 (*d*), as amended through St. 1977, c. 556, § 3. Although we disagree with that argument, we do agree with the defendant that he was entitled to an evidentiary hearing on the questions (a) whether the forfeiture was ordered within a reasonable time after the seizure of the property and (b) whether the funds seized were subject to forfeiture under G. L. c. 94C, § 47 (*b*).[1] We took the appeal on our own motion and now vacate the judgment of forfeiture and remand the case for further proceedings.

The defendant argues that, in the absence of a petition on behalf of the Commonwealth under G. L. c. 94C, § 47 (*d*), the judge had no power to declare the funds forfeited. This argument assumes that the judge was not authorized to declare the money forfeited under G. L. c. 94C, § 47 (*b*), which, as relevant here, provides that "any court . . . having final jurisdiction over any related criminal proceeding brought under [G. L. c. 94C]" shall declare forfeited moneys which are the proceeds of any sale of a controlled substance or are, in effect, the working capital of an unlawful drug business (see G. L. c. 94C, § 47 [*a*] [5] [1984 ed.]). We think the provision in § 47 (*b*) for the forfeiture of property on order of a judge has independent significance and permits a judge to enter a judgment of forfeiture without the Commonwealth first filing a petition under § 47 (*d*). Subsection (*b*) would be superfluous

---

[1] Section 47 purports to authorize forfeiture to the Commonwealth, in certain circumstances, of various property including "[a]ll moneys used, or intended for use, in the procurement, manufacture, compounding, processing, delivery, or distribution of any controlled substance in violation of this chapter; all moneys which are the proceeds of any sale of any controlled substance in violation of this chapter."

as it applies to money and conveyances if it did not permit the judge to act in the absence of a § 47 (*d*) petition.[2]

The defendant also argues that forfeiture was not undertaken in a timely fashion. Inherent in this argument is a claim that the Commonwealth may not in all instances delay forfeiture determinations until the disposition of related criminal charges. Due process requires a reasonable measure of promptness in the institution of civil forfeiture proceedings, which we view the forfeiture proceeding in this matter to be. See *Commonwealth* v. *One 1976 Cadillac DeVille Auto.,* 380 Mass. 411, 420 (1980); *Ivers* v. *United States,* 581 F.2d 1362, 1368 (9th Cir. 1978). The Supreme Court of the United States has concluded that the appropriate test for determining whether a proceeding was commenced within constitutionally permissible time limits is that applied in determining whether a criminal defendant's constitutional right to a speedy trial has been denied (see *Barker* v. *Wingo,* 407 U.S. 514 [1972]). *United States* v. *Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency,* 461 U.S. 555, 564 (1983). Pending criminal proceedings may justify delay in instituting civil forfeiture proceedings, but "the pendency of criminal proceedings is only an element to be considered in determining whether delay is unreasonable. . . . [T]he pendency of a trial does not automatically toll the time for instituting a forfeiture proceeding." *Id.* at 567. Accord *Commonwealth* v. *One 1976 Cadillac DeVille Auto., supra* at 420-421. An owner's indifference to a speedy return of his property is also some justification for the government's delay. See *United States* v. *Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency, supra* at 568-569; *Commonwealth* v. *One 1977 Cadillac Eldorado Auto.,* 380 Mass. 423, 426-427 (1980).

Whether delay is reasonable calls for a determination of fact. The judge made no explicit finding that the delay was reasonable, although the defendant argued that it was not.

---

[2] The defendant rightly does not argue that the criminal charges against him were not a "related criminal proceeding" in which forfeiture of the money could be ordered. The police seized the money, along with the contraband, at the time of the defendant's arrest.

Neither the Commonwealth nor the defendant offered evidence on the question, nor did either request a hearing on the issue. Apparently, the judge concluded as a matter of law that a forfeiture decision could await sentencing on related criminal charges. In the circumstances, there should have been an evidentiary hearing before a judge on the unreasonableness of the delay before entry of the forfeiture judgment.

The defendant also contends that he was entitled to a hearing on the question whether seized funds were used in, or were proceeds of, his unlawful drug activities.[3] The judge concluded without an evidentiary hearing that "the $4,460 seized was related to the unlawful possession and distribution of controlled substances and were not receipts from the [defendant's] restaurant business."[4] Fundamental due process considerations entitle the defendant to a hearing on the question of the connection, if any, between his illegal drug operations and the funds seized.[5]

The judgment of forfeiture is vacated and the case is remanded for further proceedings.

*So ordered.*

---

[3] By arguing to the judge that the Commonwealth could only proceed pursuant to § 47 (*d*), the defendant was in effect seeking an evidentiary hearing.

[4] The only facts on which the judge could have relied in making that determination were those recited by the prosecutor and admitted by the defendant in connection with the judge's acceptance of guilty pleas to charges of possession (and not to possession with intent to distribute). The defendant in the course of the guilty plea proceeding admitted a search warrant was executed at his restaurant on March 24, 1978, at which the drugs and paraphernalia were seized along with the monney. These facts alone would not warrant a finding that the seized funds were subject to forfeiture. We do not regard the defendant as having admitted the prosecutor's assertion earlier in the proceeding that the defendant's income tax returns "for the year" indicate income of $2,100.

[5] The burden of proof should be allocated as provided in § 47 (*d*). The judge should also make findings of fact, enter conclusions of law, and issue a final order as provided in § 47 (*d*). The defendant has not requested a jury trial of the forfeiture question. See *Commonwealth* v. *One 1972 Chevrolet Van,* 385 Mass. 198, 201-202 (1982).