Michael S. MOORE,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 33A01–8607–CR–193.

Court of Appeals of Indiana,
First District.

March 3, 1987.
Rehearing Denied April 14, 1987.

Michael S. Moore, pro se.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Michael S. Moore appeals the trial court's denial of his motion for return of property. We affirm.

## FACTS

On January 2, 1985, police arrested Michael Moore. Upon arrest, the police took from Moore a billfold, a driver's license, and $820 in cash. On that same day, Jose Baer, the alleged victim, filed an affidavit attesting that the $820 was his. The prosecuting attorney released the cash to him.

On the next day, Moore was charged with armed robbery, a class B felony, for taking Baer's 1971 van. After a trial on that cause, Moore was found guilty of a lesser offense on May 9, 1985. On May 31, 1985, the trial court sentenced Moore to six years of imprisonment. Our court subsequently affirmed this conviction.

Nine months later, Moore filed a motion to recover property on February 18, 1986 under the same cause number as the original criminal proceeding. Moore alleged that since the billfold, driver's license, and $820 were not used as evidence in the trial

which had concluded and that since the items were not unlawful to possess, they should be returned to him.

The trial court partially granted and partially denied Moore's motion. It ordered the billfold and driver's license to be returned to him. However, the trial court denied his motion as to the $820 in cash. Moore thereafter perfected this appeal.

## ISSUES

1. Whether the proceeding seeking the return of seized property should have been brought in a separate, civil action against the victim after the criminal trial's conclusion.

2. Whether the trial court erred by not returning the property to the defendant who alleged that the property was not used as evidence and he was not charged with robbery of that property.

3. Whether the defendant's motion was defective for failure to allege ownership.

## DISCUSSION AND DECISION

*Issue One*

Our legislature has provided a procedure whereby the victim of a crime can recover property unlawfully taken from him. Indiana Code section 35–33–5–5(b) states, "Evidence that consists of property obtained unlawfully from its owner may be returned by the law enforcement agency to the owner before trial, in accordance with IC 35–43–4–4(h)." Indiana Code section 35–43–4–4(h) provides:

"(h) A law-enforcement agency that is holding as evidence property over which a person is alleged to have exerted unauthorized control or to have otherwise obtained unlawfully, may return that property to its owner if:

(1) The property has been photographed in a manner that will serve the purpose of demonstrating the nature of the property, and if these photographs are filed with or retained by the law-en-

forcement agency in place of the property;

(2) Receipt for the property is obtained from the owner upon delivery by the law-enforcement agency;

(3) The prosecuting attorney who is prosecuting a case that involves the property has not requested the law-enforcement agency to decline requests for return of the property to its owner; and

(4) The property may be lawfully possessed by the owner."

Pursuant to the statutory scheme, Jose Baer signed an affidavit on January 2, 1985, the date of Moore's arrest. Jose Baer attested to lawful ownership of the $820 which the police had seized from Moore. The prosecutor approved the release of the cash to Baer on the same day.

At this time, there was no conflict as to who was entitled to the cash. This is the situation which Ind.Code § 35–43–4–4(h) contemplates for pretrial release of property. When there is no dispute as to the ownership or right of possession of the property, the law enforcement agency holding the property may return it to its owner without any kind of evidentiary hearing. *See* 1 C. Torcia, *Wharton's Criminal Procedure* § 176 (12th ed. 1974); 68 Am.Jur.2d *Searches and Seizures* § 118 (1973).[1] On January 2, 1985, Jose Baer appeared to be the undisputed owner of the $820 in cash. The police were insulated from any responsibility for turning over the property to the wrong person because of their reasonable belief based upon Baer's affidavit and the circumstances of Moore's arrest.

In the present case, Moore did not claim the $820 until nine months after the criminal trial's conclusion. Although there is support for the proposition that a trial court conducting a criminal proceeding has the power and jurisdiction to determine the ownership of seized property when there are conflicting claims, *e.g., County of Oakland v. Bice* (1971), 386 Mich. 143, 191 N.W.2d 338; *State v. Sherry* (1965), 46

---

1. Although there is authority in other jurisdictions requiring an evidentiary hearing if there are conflicting claims on ownership, *cf., Commonwealth v. Goldman* (1986), 398 Mass. 201,

496 N.E.2d 426; *State v. Sherry* (1965), 46 N.J. 172, 215 A.2d 536, we are not confronted with this issue because Moore submitted his motion after the conclusion of the criminal case.

N.J. 172, 215 A.2d 536, that issue is not presently before us. Here, the criminal case was completed upon Moore's conviction.

■ Moore's proper remedy was to file a civil suit against Baer. When the criminal case is finished and the defendant then demands the property which previously had been turned over to the alleged owner thereof, the defendant must pursue a civil action against the alleged owner in a proceeding appropriate to determine lawful ownership of the property. *See State v. Myers* (1922), 36 Idaho 396, 211 P. 440; *People v. Moore* (1951), 410 Ill. 241, 102 N.E.2d 146; *State v. Frye* (1946), Mo.App., 194 S.W.2d 692; *Lawrence v. Mullins* (1969), 224 Tenn. 9, 449 S.W.2d 224; C. Torcia, at § 176; 68 Am.Jur.2d *Searches and Seizures* § 119 (1973). Thus, Moore should have filed suit against Baer in a civil suit to contest ownership of the cash. When Moore filed suit under the original criminal cause nine months after its termination, the trial court had no power to determine ownership or to order Baer to give the $820 to Moore since Baer properly received the cash under the provisions of Ind.Code § 35–43–4–4(h). Therefore, the trial court properly denied Moore's motion for return of seized property with respect to the cash.

*Issue Two*

■ Moore alleges that since he was not charged with robbery of the cash from Baer and since the cash was not used as evidence in his trial, the cash should be returned to him. Even if Moore had brought this issue in a proper forum, we would still not be persuaded by his argument.

Although we are unable to find any Indiana cases bearing directly upon this issue, the situation is similar to cases where property has been illegally seized by police officers and the defendant seeks return of the property. Other states have held that a motion to suppress evidence illegally obtained is distinct and separate from the issue of who is the rightful owner. *Moore*, 410 Ill. at 246, 102 N.E.2d at

149; *Frye*, at 692; *see also Sherry*, 46 N.J. at 177, 215 A.2d at 538; *Homolko v. State* (1927), 155 Tenn. 467, 470, 295 S.W. 66, 67; 68 Am.Jur.2d *Searches and Seizures* §§ 116–118 (1973). Analogizing from this authority, we hold that a defendant cannot demand the return of property which has been seized but neither used as evidence nor the subject of prosecution without alleging more. The fact that the property was not used as evidence or that Moore was not charged with robbery of the cash is irrelevant to the issue of whether Moore was the rightful owner. Therefore, the trial court properly denied his motion for return of seized property.

*Issue Three*

■ Despite our discussion of the first two issues, we are compelled to affirm for a third reason. In *Frye*, the defendant filed a motion for return of property seized under an illegal search warrant. Her motion sought return of "all of the property ... seized under the search warrant issued in this cause, because the search warrant issued herein has been quashed, the evidence suppressed and the case dismissed." *Id.* at 692. The Missouri Court of Appeals held:

> "It will be observed that the motion does not allege appellant was the owner of the property or any ground that would entitle her to the possession thereof. The court was without authority under the circumstances to restore the possession of the property to the appellant without the introduction of legal evidence as to the rightful owner."

*Id.* Thus, the defendant must allege ownership or the right of possession of the claimed property. *See also* 68 Am.Jur.2d *Searches and Seizures* § 118; 2 J. Varon, *Searches, Seizures and Immunities* 897 (2d ed. 1974).

Moore's motion for return of the cash is defective for failure to allege ownership. His motion, *inter alia*, states as follows:

> "It is the petitioner's contention that since the items in question were taken from his person with the intention to be used as evidence, but were not used, and since final disposition of cause # S–85–

CR–2 is complete, and said items are not unlawful to possess that petitioner has the right, and asks the court to protect that right, and order the return of *his personal property* that has been seized."

Record at 7 (emphasis added). The only indication in the motion of Moore's right to the cash is the phrase "his personal property". Nowhere else does Moore claim rightful ownership. We do not believe that the single word "his" is sufficient to proclaim ownership in the property. Moore's claim, like that in *Frye*, was premised not upon ownership, but upon the fact that the cash was not used as evidence. Therefore, the trial court did not err in denying his motion.

Judgment affirmed.

SHIELDS, P.J., and ROBERTSON, J., concur.