COMMONWEALTH *vs.* BRUCE BROWN.

Suffolk. November 6, 1997. - January 15, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Forfeiture Proceeding. Practice, Civil,* Forfeiture proceeding, Burden of proof.
*Probable Cause. Controlled Substances. Due Process of Law,* Forfeiture
proceeding, Notice, Burden of proof.

Where a criminal defendant in a District Court had admitted sufficient facts
were contained in a police report to warrant findings of guilty on charges
of distribution of a Class B substance and conspiracy to violate the
controlled substances act, and the Commonwealth moved thereafter for
forfeiture of the money seized from the defendant at his arrest relying on
the same facts, the evidence was sufficient to warrant the judge's determina-
tion that probable cause existed to initiate the forfeiture proceeding, that is,
the facts were sufficient to form the basis for a belief that a money-drug
nexus existed. [477-479]
Where a defendant charged with a controlled substance offense received
notice of the Commonwealth's motion under G. L. c. 94C, § 47 (*b*), to
forfeit money seized at the time of his arrest, on the same day that he
admitted to sufficient facts on the complaints, that notice was inadequate to
have afforded a reasonable opportunity to prepare and present evidence on
the motion. [479-480]
This court concluded that, in a civil proceeding under G. L. c. 94C, § 47 (*b*),
seeking forfeiture of money attributable to an unlawful sale of a controlled
substance, the claimant is entitled to not less than seven days' prior notice
of the hearing thereon. [480]
The allocation of the burden of proof to the claimant in a civil forfeiture
proceeding under G. L. c. 94C, § 47, violates the due process provisions
of neither the Fourteenth Amendment to the United States Constitution
[480-481], nor arts. 1, 10, and 12 of the Massachusetts Declaration of
Rights and Pt. 2, c. 1, of the Massachusetts Constitution [481-484].

COMPLAINT received and sworn to in the Boston Municipal
Court Department on October 4, 1995.

After the defendant admitted to sufficient facts to warrant
findings of guilty before *Patricia E. Bernstein,* J., a motion for
forfeiture was heard by her.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Michael Vitali (David Rossman, Marie Foley & James Mc-Carroll* with him) for the defendant.

*Nancy L. Hathaway,* Assistant District Attorney, for the Commonwealth.

*Dana A. Curhan* for the Massachusetts Association of Criminal Defense Attorneys, amicus curiae, submitted a brief.

GREANEY, J. The defendant, Bruce Brown, challenges an order entered in the Boston Municipal Court Department pursuant to G. L. c. 94C, § 47 (*b*), ordering the forfeiture of $142, money attributable to the sale of controlled substances as provided in G. L. c. 94C, § 47 (*a*) (5). We transferred his appeal to this court on our own motion.

Brown, as claimant of the money, argues that the Commonwealth failed to meet its initial burden under G. L. c. 94C, § 47, of showing probable cause to institute the forfeiture proceeding, and that the allocation to him of the burden of proof in the statute violates the due process provisions of the Fourteenth Amendment to the United States Constitution, and of arts. 1, 10, and 12 of the Massachusetts Declaration of Rights, and Pt. 2, c. 1, of the Massachusetts Constitution.

We conclude that the Commonwealth demonstrated probable cause to commence the proceeding, but that it failed to give Brown adequate notice it was seeking forfeiture of the $142. This latter conclusion requires that we vacate the judgment and remand the matter for further consideration in the Boston Municipal Court. Because the proceedings may be retried, it becomes necessary to consider Brown's constitutional argument. We conclude that the regimen of proof set out in G. L. c. 94C, § 47, does not violate either Federal or State due process protections.

Brown was charged on October 4, 1995, in the Boston Municipal Court with the unlawful distribution of a class B controlled substance (crack cocaine), see G. L. c. 94C, § 32A, and conspiracy to violate the controlled substances act, see G. L. c. 94C, § 40. On December 6, 1995, Brown appeared in that court with counsel, waived his right to a jury trial, and admitted to sufficient facts to warrant a finding of guilty on both charges. After a colloquy, in which the judge satisfied herself that there was a basis for Brown's admission, and that he understood and waived his rights, the judge continued the case

without a finding for a period of one year on certain conditions to be satisfied by Brown.[1]

Immediately following the disposition, the judge considered the Commonwealth's motion for forfeiture of $142 seized from Brown at the time of his arrest. The Commonwealth had filed the forfeiture motion on the disposition of the charges against Brown. Brown's counsel made a brief argument against forfeiture, which the judge rejected. An order of forfeiture entered on the same date.[2]

1. General Laws c. 94C, § 47 (*d*), provides that, in a forfeiture proceeding, "the commonwealth shall have the burden of proving to the court the existence of probable cause to institute the [forfeiture] action, and [the] claimant shall then have the burden of proving that the property is not forfeitable."[3]

To meet its burden of proving probable cause, the Commonwealth at the forfeiture hearing relied on the facts it produced to support the criminal charges against Brown. Those facts were taken from the police incident report and read into the record by the prosecutor as follows:

> "On October third 1995 at approximately nine thirty p.m. at thirty-five Essex Street, members of the drug control unit were conducting drug investigation. Officer Simpson observed one David Brown engaged in conversation with one Nam Hyunh. David Brown then walked over to the defendant standing before you, Bruce Brown, at which time Bruce Brown handed an item over to David Brown. David Brown then walked over to Mr. Hyunh. Mr. David Brown handed to Hyunh an item believed to be crack cocaine . . . that he had previously received from Bruce Brown and examined it. Hyunh then handed U.S. currency over to David Brown. Hyunh was stopped and recovered with one plastic bag of off-white rock believed

---

[1]The admission and disposition followed the procedure approved in *Commonwealth* v. *Duquette*, 386 Mass. 834 (1982).

[2]The order distributed the $142 in equal shares to the Boston police department and the office of the district attorney for Suffolk County, as provided in G. L. c. 94C, § 47 (*d*).

[3]Although the Commonwealth initiated the proceeding by forfeiture motion filed pursuant to G. L. c. 94C, § 47 (*b*), the applicable standards of proof are set forth in G. L. c. 94C, § 47 (*d*). See *Commonwealth* v. *Goldman*, 398 Mass. 201, 204 n.5 (1986).

to be crack cocaine. On further analysis, the[] one plastic bag was found to contain [.11] grams of crack cocaine."

Brown argues that these facts do not warrant a finding of probable cause for purposes of the forfeiture statute because the Commonwealth failed to show a sufficient nexus between the $142 seized and the illegal drug transaction observed by Officer Simpson. In *Commonwealth* v. *Fourteen Thousand Two Hundred Dollars*, 421 Mass. 1, 9 (1995), we considered the extent of the Commonwealth's burden of proof under § 47 (*d*). We determined that our statute is virtually identical to the Federal forfeiture statutes, 21 U.S.C. § 881 (a)(6) and 19 U.S.C. § 1615, and, based on that determination, concluded that it was "reasonable to think that the Legislature revised § 47 (*d*), to achieve the result reached by the Federal statutes as construed by the Federal courts." *Id.* at 8. Relying on the construction given to the Federal laws, we decided that the Commonwealth's burden in a forfeiture proceeding is similar to its burden in seeking an indictment, and less than its burden at a probable cause hearing to determine whether an individual should be held for trial. *Id.* at 9.[4] Thus, the Commonwealth must produce "sufficient evidence to establish the identity of the accused . . . and probable cause to arrest him," *id.* at 8-9, quoting *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982), but not necessarily "sufficient evidence to send the case to a jury." *Commonwealth* v. *Matthews*, 406 Mass. 380, 388 (1990), quoting *Commonwealth* v. *Ortiz*, 393 Mass. 523, 534 n.13 (1984). The Commonwealth's burden under the forfeiture statute is to "prove[] probable cause to proceed, in the form of sound reason to believe that the money-drug nexus exists." *Commonwealth* v. *Fourteen Thousand Two Hundred Dollars*, *supra* at 9.

The Commonwealth's evidence was sufficient to warrant the judge's determination that probable cause existed to institute the forfeiture proceeding. Brown admitted to sufficient facts to warrant a finding of guilty on charges of unlawful distribution of a class B controlled substance and conspiracy to violate the controlled substances law. In particular, Brown admitted to the sequence of events as transcribed in the police report, and the

---

[4]Under Federal law, to show probable cause "the government need only show a 'reasonable ground for belief of guilt; supported by less than prima facie proof but more than mere suspicion.' " *Commonwealth* v. *Fourteen Thousand Two Hundred Dollars*, 421 Mass. 1, 8 (1995), quoting *United States* v. *$250,000 in U.S. Currency*, 808 F.2d 895, 897 (1st Cir. 1987).

judge reasonably could have concluded that these facts were sufficient to form the basis for a belief that the money-drug nexus existed.

We reject Brown's argument that the Commonwealth failed to establish probable cause because there was no showing that the entire sum seized was proceeds from the single illegal drug sale witnessed by Officer Simpson. Brown was observed actively engaged in a drug transaction. Furthermore, he was operating as the sole source of the drugs sold, and it is reasonable to believe that he carried money to facilitate illegal drug sales. See *Commonwealth* v. *Santaliz*, 413 Mass. 238, 240-241 (1992) (observation of three-way transaction involving defendant gave police officer probable cause to search him). The probable cause standard in § 47 does not require the Commonwealth to establish a link between the money seized and a particular drug transaction. See *United States* v. *$250,000 in U.S. Currency*, 808 F.2d 895, 899-900 (1st Cir. 1987). The Commonwealth must show only that "the money was probably derived from illegal drug transactions." *Id.* at 900. Such a showing was made.

2. The issue of the adequacy of notice to Brown of the Commonwealth's forfeiture motion was raised during oral argument of the appeal. The point arose in connection with the Commonwealth's contention that Brown's constitutional issues should not be entertained because he failed to argue at the forfeiture hearing that the allocation of proof under G. L. c. 94C, § 47 (*d*), violated constitutional due process protections. This argument was countered by Brown's claim, which the Commonwealth did not dispute, that he received notice of the forfeiture motion for the first time on December 6, 1995, the day on which he admitted to sufficient facts. He asserted that the swift hearing on the motion immediately following the conclusion of his admission to sufficient facts and the disposition deprived him of a meaningful opportunity to interpose a due process argument and to contest the merits of the forfeiture.

There is logic in Brown's point, particularly because fundamental due process considerations entitled him, as claimant of the $142, to proper notice prior to the forfeiture hearing. To preclude Brown's due process challenge, where the opportunity to raise the claim was suppressed because of deficient notice, would be a perverse form of circular reasoning. It is appropriate to decide whether the Commonwealth gave Brown adequate notice of the forfeiture motion.

The statute contemplates two methods by which forfeiture proceedings may be initiated by the Commonwealth: either by petition in the nature of a proceeding in rem filed in the Superior Court, G. L. c. 94C, § 47 (d), or, as happened here, by motion filed in a related criminal proceeding, G. L. c. 94C, § 47 (b). Although § 47 (d) expressly requires the Commonwealth to provide the owner of the property (and other interested persons) with notice prior to a hearing on a forfeiture petition, § 47 (b) does not prescribe any notice period relative to motions.

A forfeiture proceeding initiated by motion filed in a related criminal proceeding is outside the scope of the criminal matter and constitutes a civil proceeding. See *Commonwealth* v. *Goldman*, 398 Mass. 201, 203 (1986). Accordingly, we look to the notice requirements applicable to motions filed in other civil proceedings as prescribed in Mass. R. Civ. P. 6 (c), 365 Mass. 747 (1974), and conclude that, except as otherwise provided in the rule, Brown should have received not less than seven days' notice of the forfeiture hearing.[5] Because Brown did not receive adequate notice of the forfeiture motion to afford him a reasonable opportunity to prepare and present evidence and argument, the judge's forfeiture decision was made pursuant to unlawful procedure. Brown is entitled to a new hearing on the motion.

3. We turn now to Brown's constitutional arguments. Brown challenges the Legislature's allocation of the burden of proof in State forfeiture proceedings under the due process provisions of both the Federal and Massachusetts Constitutions. As discussed above, the Federal forfeiture statutes require the same burdens of the government and the claimant as does G. L. c. 94C, § 47 (d). Federal courts have firmly established that a showing of probable cause is sufficient to support forfeiture and does not

---

[5]Rule 6 (c) of the Massachusetts Rules of Civil Procedure, 365 Mass. 747 (1974), provides, in pertinent part: "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 7 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application."

For purposes of forfeiture motions in the District Court, we do not believe it is necessary to require the Commonwealth to adhere to the more onerous notice requirements prescribed in G. L. c. 94C, § 47 (d), which are applicable to forfeiture proceedings in Superior Court (at least two weeks' notice given by registered or certified mail).

constitute a Federal due process violation.[6, 7] Brown's Federal constitutional arguments are foreclosed by these decisions.

We proceed to review Brown's State constitutional argument. Relying on our decision in *Mendonza* v. *Commonwealth*, 423 Mass. 771, 780 (1996), Brown argues that the text and structure

---

[6]The constitutionality of the burdens of proof in the Federal laws have been upheld by the seven circuits of the United States Court of Appeals that have addressed the issue. See *United States* v. *$129,727 in U.S. Currency*, 129 F.3d 486, 492-494 (9th Cir. 1997); *United States* v. *One Beechcraft King Air 300 Aircraft*, 107 F.3d 829, 829 (11th Cir. 1997); *United States* v. *$94,000.00 in U.S. Currency*, 2 F.3d 778, 783-784 (7th Cir. 1993); *United States* v. *228 Acres of Land & Dwelling*, 916 F.2d 808, 814 (2d Cir. 1990), cert. denied, 498 U.S. 1091 (1991); *United States* v. *Santoro*, 866 F.2d 1538, 1544 (4th Cir. 1989); *United States* v. *$250,000 in U.S. Currency*, 808 F.2d 895, 900 (1st Cir. 1987); *United States* v. *$2,500*, 689 F.2d 10, 12 (2d Cir. 1982), cert. denied sub nom. *Aponte* v. *United States*, 466 U.S. 1099 (1984); *Bramble* v. *Richardson*, 498 F.2d 968, 973 (10th Cir. 1974), cert. denied sub nom. *Bramble* v. *Saxbe*, 419 U.S. 1069 (1974). But see *United States* v. *One Parcel of Property*, 85 F.3d 985, 990-991 (2d Cir.), cert. denied sub nom. *Scianna* v. *United States*, 519 U.S. 932 (1996) (stating, in dictum, that whether government's burden to establish probable cause suffices to meet the requirements of due process is an open question).

[7]In addition, there appear to be six other States with statutory schemes similar to § 47 (*d*), pursuant to which the State has the initial burden of showing the existence of probable cause for forfeiture of the subject property, after which the burden of proof is on the claimant of the property to establish that it is not forfeitable. See Alaska Stat. § 17.30.116 (1997); Del. Code Ann. tit. 16, § 4784 (1997); La. Rev. Stat. Ann. § 40:2612(G) (West 1997); R.I. Gen. Laws § 21-28-5.04 (1997); S.C. Code Ann. § 44-53-540 (Law. Co-op. 1997); Wash. Rev. Code Ann. § 69.50.505 (West Supp. 1997) (personal property only).

We are aware of only two States in which an appellate court has ruled on a due process challenge to a statute's burden shifting provisions. In *Rozner* v. *Bellevue*, 116 Wash. 2d 342, 351 (1991), the Supreme Court of Washington rejected the plaintiff's Federal due process challenge, noting that "[a]lthough the Supreme Court has never squarely addressed the issue, it has repeatedly implied Congress may allocate the burden of proof in civil forfeiture actions in any manner it sees fit." In concluding that the plaintiff failed to establish that the probable cause' standard in the statute violated State constitutional protections, the court looked to Federal due process decisions, and noted that the court "traditionally has practiced great restraint in expanding state due process beyond federal perimeters." *Id.*

In *State* v. *Clark*, 670 So. 2d 493, 497 (La. Ct. App. 1996), the court similarly rejected the claimants' Federal due process challenge based on existing Federal law. Relying on a provision in the Louisiana Constitution, which "permitted the enactment of the forfeiture law," the court also ruled that the statute's burden of proof procedures did not violate State due process protections. *Id.* at 498.

of the due process guarantees in the Massachusetts Constitution serve to protect the Commonwealth's citizens in contexts where the Federal Constitution might condone government infringement. He claims that the probable cause standard contained in the statute is unconstitutional because it increases the risk of erroneous deprivations of property, and constitutes a departure from the standard traditionally required under State law in other types of in rem forfeiture proceedings. We are not persuaded by Brown's arguments.

We have not previously considered the constitutionality of the statutory burdens contained in G. L. c. 94C, § 47, under the due process provisions of our Constitution. We have said that "[f]or the purpose of due process analysis, our standard of review under the cognate provisions of the Massachusetts Declaration of Rights usually is comparable to that under the Fourteenth Amendment to the United States Constitution." *Trigones* v. *Attorney Gen.*, 420 Mass. 859, 864 (1995). We see no reason to depart from this principle in the remedial civil forfeiture context where the action is commenced to recover the proceeds of illegal drug activities.[8] Civil forfeiture proceedings are sufficiently distinguishable from the criminal proceedings at issue in *Mendonza* v. *Commonwealth, supra* at 777-778, and *Aime* v. *Commonwealth*, 414 Mass. 667 (1993), another case on which Brown relies, to allow the former to proceed under a lesser burden of proof without contravening State due process guarantees.

In reaching our conclusion, we acknowledge that the requirements for minimum due process may vary depending on the context, *Spence* v. *Gormley*, 387 Mass. 258, 274 (1982), and we note that, in determining whether a statute affecting protected "property" interests constitutes a violation of procedural due process, we usually employ the test first enunciated in *Mathews* v. *Eldridge*, 424 U.S. 319, 335 (1976), which requires that "the individual interest at stake must be balanced against the nature of the governmental interest and the risk of erroneous deprivation of liberty or property." *Aime* v. *Commonwealth, supra* at

---

[8]Where an action has been brought to impose a forfeiture of the proceeds from unlawful drug sales, we have said that the action is remedial, as opposed to punitive. See *Commonwealth* v. *Fourteen Thousand Two Hundred Dollars*, 421 Mass 1, 7 (1995), quoting *United States* v. *Tilley*, 18 F.3d 295, 300 (5th Cir.), cert. denied, 513 U.S. 1015, and cert denied sub nom. *Anderson* v. *United States*, 513 U.S. 1015 (1994).

674-675, citing *Mathews* v. *Eldridge, supra.* See *Spence* v. *Gormley, supra* at 274-277.

The State's interest in preventing future violations of the controlled substances act and in recovering illegally obtained funds is substantial. Brown concedes that "[c]ivil forfeitures . . . have a place in the government's anticrime arsenal." Furthermore, the forfeiture statute requires the Commonwealth to shoulder the initial burden of proving that the property was the product of, or intended for use in connection with, an illegal drug sale, and provides Brown with substantial procedural safeguards, including both a forfeiture hearing in which he may present evidence and cross-examine witnesses, as well as adequate and timely notice of that hearing. The statute's procedures for forfeiture, when properly implemented, adequately minimize the risk of an erroneous deprivation of property. Cf. *Aime* v. *Commonwealth, supra* (bail statute violated arrestee's Federal procedural due process rights where it neither imposed any burden of proof on Commonwealth before deprivation, nor provided arrestee with the rights to be heard and to cross-examine witnesses).

Moreover, as discussed above, with respect to the property seized, the statute provides that forfeiture is strictly a civil proceeding in rem. The Legislature may properly influence the nature of forfeiture proceedings and their governing principles, including the quantum of proof required, by designating a forfeiture proceeding as a civil rather than a criminal matter. *Commonwealth* v. *One 1972 Chevrolet Van,* 385 Mass. 198, 203 n.6 (1982).

We have previously approved the Legislature's allocation of standards of proof in civil cases and believe it is particularly appropriate where the party who bears the burden has superior access to, and control over, the pertinent evidence.[9] See *William Rodman & Sons* v. *State Tax Comm'n,* 373 Mass. 606, 610

[9]Brown's analogy to three in rem forfeiture cases which required greater proof than probable cause prior to a forfeiture do not assist his argument because each case is distinguishable from the facts and circumstances here. The statute at issue in *Chase* v. *Proprietors of the Revere House,* 232 Mass. 88, 94 (1919), which provided for injunction and sale of property used for prostitution, did not specify a burden of proof. We applied the burden typically imposed in civil cases absent legislative direction (preponderance of the evidence). The statute at issue in *Roberge* v. *Burnham,* 124 Mass. 277, 277 (1878), allowed recovery in tort by the parents of a minor from anyone who sold or gave the minor intoxicating liquor. Unlike Brown, the defendants in

(1977) (burden of persuasion appropriately on seller of cigarettes to prove entitlement to abatement of excise tax on cigarettes which disappeared without being sold because proof of circumstances of disappearance more readily available to seller than commission); *Knowles* v. *Gilchrist Co.*, 362 Mass. 642, 651 (1972) (burden of persuasion in bailee-bailor context on bailee because bailee may be only party with access to information concerning loss). See also *Darcy* v. *Hartford Ins. Co.*, 407 Mass. 481, 485 (1990); *Commonwealth* v. *Hartsgrove*, 407 Mass. 441, 446-447 (1990); *Meehan* v. *Shaughnessy*, 404 Mass. 419, 440-441 (1989); *Cantres* v. *Director of the Div. of Employment Sec.*, 396 Mass. 226, 232 (1985). While we recognize that a claimant's access to evidence in forfeiture actions, particularly where a relatively small amount of money is involved, may be more burdensome as a practical matter than in other situations where the Legislature has altered the traditional burden of persuasion, the claimant still has considerably more access to proof and opportunity of knowledge regarding the source of the money than the Commonwealth. Here, Brown may produce a pay stub, a bank receipt, or credible testimony that the money was legally obtained.

Relying on these principles, we decline to extend State due process protections beyond those provided in the Federal Constitution in the civil forfeiture context. Accordingly, we conclude that the standards of proof required under G. L. c. 94C, § 47, do not violate the defendant's State constitutional rights to due process.

4. The judgment of forfeiture is vacated and the case is remanded to the Boston Municipal Court for further proceedings.

*So ordered.*

---

both *Chase* and *Roberge* would not have had virtually exclusive access to the pertinent evidence. The plaintiff parent in *Roberge* would be in a better position to know his child's age than the defendant. Unlike G. L. c. 94C, § 47, which is a remedial forfeiture statute, *Commonwealth* v. *Certain Intoxicating Liquors*, 115 Mass. 142, 143 (1874), concerned the forfeiture of property as a punitive consequence of a criminal conviction of a person.