NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1510

COREY DENTON

vs.

COMMONWEALTH OF MASSACHUSETTS & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On February 21, 2020, members of the Lynn Police Department arrested the defendant-appellant, Corey Denton, and seized two thousand, nine hundred and twelve dollars ($2,912); a loaded automatic firearm; and seven hundred and seventy-one grams of suspected heroin.[2]  On July 13, 2020, the Commonwealth through the named defendants filed a civil forfeiture action seeking

---

[1] Johnathan Blodgett and Francis J. McDonald, individually and in their official capacities.  As is our custom, we use the spellings that appear in the operative complaint.

[2] On March 9, 2022, the defendant was indicted for trafficking in 100-200 grams or more of a class A substance, in violation of G. L. c. 94C, § 32E (c), and possessing a firearm without a license, in violation of G. L. c. 269, § 10 (a).  On July 18, 2022, the defendant pleaded guilty in Essex Superior Court to a lesser included trafficking offense and to the firearm charge and received an eight-year committed sentence.

forfeiture of the $2,912 dollars pursuant to G. L. c. 94C, § 47.[3] Notice of the action was served on two addresses known to be associated with the defendant, and the defendant signed as a recipient of the notice at one of these addresses. On August 21, 2021, the Commonwealth moved for default judgment in the forfeiture action, and, on January 24, 2022, a judge of the Superior Court issued a default judgment, forfeiting the money to the Commonwealth. At no point did the defendant seek to intervene in the forfeiture action so he could move to set aside the default. On December 8, 2022, the defendant filed a Superior Court complaint seeking the return of monies in the amount of three thousand, eight hundred and sixty dollars, contending that this was the true amount seized by the Lynn police during his arrest. The Commonwealth subsequently filed a motion to dismiss the complaint. On October 20, 2023, a judge of the Superior Court dismissed the complaint for, inter alia, the reasons stated within the Commonwealth's motion. The defendant, acting pro se, now appeals from this dismissal. We affirm.

---

[3] General Laws c. 94C, § 47 (a) (5), provides, inter alia, that all money or proceeds "intended to be furnished by any person in exchange for a controlled substance [or] traceable to such an exchange" shall be subject to forfeiture to the Commonwealth.

"We review the allowance of a motion to dismiss de novo.  A motion to dismiss will be granted unless the factual allegations in the complaint are enough to raise a right to relief above the speculative level based on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (quotation and citations omitted).  Verveine Corp. v. Strathmore Ins. Co., 489 Mass. 534, 538 (2022).

Here, the defendant's primary argument is that his due process rights were violated because he was not provided with notice of the forfeiture action.  However, the Commonwealth served the defendant with notice of the forfeiture proceeding, and the defendant signed as a recipient of that notice.  In his present appeal, the defendant provided us with a copy of the signed notice, and we therefore fail to see how notice was deficient.  Furthermore, to the extent that the defendant lodges a general challenge to the constitutionality of civil forfeiture proceedings on due process grounds, the Supreme Judicial Court has stated that the procedures for civil forfeiture under G. L. c. 94C, § 47, conform with the requirements of due process.  Commonwealth v. Brown, 426 Mass. 475, 482-484 (1998).

Additionally, both the defendant's complaint, and his appellant brief, contain only conclusory allegations that fail to state a claim against the named defendants.  See Iannacchino

3

v. Ford Motor Co., 451 Mass. 623, 636 (2008) (plaintiff's claims must offer more than "wholly conclusory statement[s]" [citation omitted]).  For example, the defendant states that members of the Lynn Police Department committed misconduct by seizing an additional nine hundred and forty-eight dollars that went unaccounted for in the forfeiture proceeding but fails to allege any acts of misconduct perpetrated by the named defendants in this action.  The defendant also alleges, without further explanation or attaching documentation, that the money seized was "saved from an insurance company payout" and was not involved in the violation of a crime.  Furthermore, while the defendant's complaint states that he was "never given an opportunity to provide documentation demonstrating the legitimate sources of his money," he fails to explain why he did

not intervene in the civil forfeiture proceeding even though he was provided with appropriate notice.[4]

Judgment affirmed.

By the Court (Henry,
 Desmond & Englander, JJ.[5]),

*Paul Little*

Clerk

Entered:  February 11, 2025.

---

[4] Because we agree that the defendant's complaint fails to state a claim upon which relief can be granted, we need not analyze the Commonwealth's arguments that the defendant's complaint must be dismissed for (1) lack of subject matter jurisdiction on sovereign immunity grounds; and (2) insufficient service of process under Mass. R. Civ. P. 12 (b) (5), 365 Mass. 754 (1974).  No action is necessary on the Commonwealth's motion to strike the defendant's appellant brief for its failure to conform with our rules of appellate procedure.

[5] The panelists are listed in order of seniority.