NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-95

COMMONWEALTH

vs.

ERNEST HUGHEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant seeks, for the third time, to get back $328 forfeited from him pursuant to G. L. c. 94C, § 47 (b).  The motion was based on drug charges that were later dismissed due to the notorious misconduct of a chemist at the Amherst drug laboratory.  See Commonwealth v. Hughey, 100 Mass. App. Ct. 1131 (2022); Commonwealth v. Hughey, 95 Mass. App. Ct. 1115 (2019). The factual and procedural history of the defendant's case are well summarized in those two prior decisions.  The defendant appeals from a District Court judge's denial of the defendant's motion for relief from the forfeiture judgment under Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974).  We affirm.

When the Commonwealth seeks forfeiture under G. L. c. 94C, § 47 (d), it must "plead[] facts sufficient to support a reasonable belief that, at trial, [it] can show probable cause to believe the property is subject to forfeiture." Commonwealth v. One 2004 Audi Sedan Auto., 456 Mass. 34, 43 (2010). To do so, the Commonwealth must put forth "'reliable information' . . . to believe that 'the property at issue derived from illegal narcotics or facilitated a violation of the controlled substances laws.'" Commonwealth v. Martinez, 480 Mass. 777, 791 (2018), quoting One 2004 Audi Sedan Auto., supra at 38-39. "Probable cause . . . may be shown from the same facts the prosecutor presented as the factual basis for the defendant's guilty plea," Martinez, supra at 791, and may appear "even where [the Commonwealth] lacks a sufficient factual basis to support a finding of guilt, or where a defendant is found not guilty at trial, or where the Commonwealth later dismisses or nol prosses the criminal complaint or indictment." Id.

If the Commonwealth seeks and obtains forfeiture, a defendant may seek vacatur of a forfeiture judgment under Mass. R. Civ. P. 60 (b) (6). Martinez, 480 Mass. at 791-792. But that relief is "limited to instances when the vacating of judgment is justified by some reason other than those stated in subdivisions (1) through (5) [of rule 60 (b)] . . . that presents extraordinary circumstances" (quotations omitted).

2

Owens v. Mukendi, 448 Mass. 66, 71 (2006). "A motion pursuant to rule 60 (b) (6) is addressed to the discretion of the judge . . . and will not be reversed on appeal save for abuse of that discretion" (quotations omitted). Id. at 72. Such a motion "must also be brought within a reasonable time, and a determination of what constitutes a reasonable time is similarly 'addressed solely to the judge's discretion.'" Id., quoting Parrell v. Keenan, 389 Mass. 809, 815 (1983). We assume, without deciding, that the defendant's motion was timely.

After careful review of the merits, we discern no abuse of discretion in the judge's denial of the defendant's motion. The Commonwealth's forfeiture complaint was supported by the defendant's admission under oath at his May 17, 2011, plea hearing, at which the defendant agreed with a detailed description of his drug offense and his arrest. The $328 was seized from the defendant's person after he dropped a number of individual bags of marijuana packaged for street-level sale and was immediately arrested. The motion judge acted within his discretion in finding that the Commonwealth had shown "probable cause to institute the action," G. L. c. 94C, § 47 (d), because the defendant's admission demonstrated "the money was probably derived from the illegal drug transactions" (quotation omitted). Commonwealth v. Brown, 426 Mass. 475, 479 (1998).

We also see no abuse of discretion in the motion judge's ruling related to the defendant's evidence of misconduct. Although, as the motion judge recognized, the certifying chemist's misconduct undermined the validity of the defendant's plea, "[a] defendant is not entitled to [relief from the civil judgment of forfeiture] solely because the criminal convictions that were related to the forfeiture were invalidated." Martinez, 480 Mass. at 792. This is so because "forfeiture, even where ordered at a plea hearing, is outside the scope of the criminal matter and constitutes a civil proceeding" (quotation omitted), id. at 790, requiring a separate analysis. Id. at 791-792. The District Court judge thoughtfully considered the defendant's assertions of misconduct and was within his considerable discretion in concluding that any

malfeasance did not afford grounds for relief from the civil forfeiture judgment.[1]  See id.

Order denying motion for
  relief from judgment,
  entered September 13, 2024,
  affirmed.

By the Court (Hershfang,
  Hodgens & Smyth, JJ.[2]),

*Paul Little*

Clerk

Entered:  January 7, 2026.

---

[1] To the extent the defendant contends the District Court judge abused his discretion by considering evidence outside the record, we are unpersuaded.  Even if such consideration were unnecessary or ill-advised -- we take no position on that matter -- the judge was clear that it was "not dispositive" to the result, and we cannot say it was a "clear error of judgment . . . such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

[2] The panelists are listed in order of seniority.