Roach, Christine M., J.
This is a forfeiture action filed three years ago in June 2005 pursuant to Mass. G.L. Chapter 94C, section 47. The Commonwealth seeks forfeiture of one 2002 GMC Yukon Denali Motor Vehicle, Identification Number 1GKEK63U52J330123 (“the Yukon” or “the vehicle”), and three hundred eighty-one dollars in United States currency ($381.00). The Commonwealth moved for summary judgment on March 31, 2008. The Commonwealth’s Motion is opposed, with respect to the Yukon only,[1] by one Linda L. Page (“Páge”), an intervenor who claims the Yukon should not be forfeited because: 1) the vehicle belonged to her; and 2) she is an innocent owner as a matter of law.
Following hearing on May 6, 2008, and review of all record materials and applicable law, the Commonwealth’s motion is ALLOWED for the reasons stated herein.
*337 Facts of Record
Undisputed Background Facts
On three separate occasions between approximately January 28, 2005 and February 7, 2005, undercover Worcester Police Officers purchased crack cocaine from Sheena Wheeler (“Wheeler”) and Rody Zapata, Jr. (“Zapata”). (Commonwealth’s Memorandum in Support of Motion for Summary Judgment (“Memo”), Ex. 1, at paras. 5, 8, 11-15, 17-19.) The first sale took place in the Yukon, which was driven by Wheeler. {Id., at para. 8.) Zapata arrived in the Yukon on the two following occasions. {Id., at paras. 11-15, 17-19.) Zapata completed the drug transactions from the front passenger seat. {Id.) On the night of her arrest, Wheeler was driving the Yukon. {Id.) Following the arrest of Wheeler and Zapata, officers searched the Yukon and found personal items belonging to both Wheeler and Zapata, including Wheeler’s birth certificate and driver’s license. (Memo at Ex. 3.)
Undisputed Facts Material to True Owner
Intervenor Page purchased the Yukon in 2003 for her personal use. (Page Affidavit at para. 1.) The Yukon was registered with an address of 78 West Main Street in Millbuiy. (Ex. 9.) In 2003, Page possessed a valid Massachusetts Driver’s License that listed her home address at 78 West Main Street. (Ex. 13.) Page declined to answer the Commonwealth’s interrogatory about whether she owned additional vehicles. (Memo at Ex. 12, para. 8.) The Registry of Motor Vehicles shows two additional vehicles registered in Page’s name at the 78 West Main Street, Millbury address. The record does not indicate when Page purchased or registered the other vehicles. {Id., at Ex. 15-16.)
Wheeler lived at 78 West Main Street. (Memo at Exs. 6, 8, and 10.) Page is Wheeler’s mother. (Page Affidavit at para. 3.) During the relevant time period of January and February 2005, Page was living at her home in Florida, where she had been since November 2004, and remained until May 2005. {Id.) Page states her local Massachusetts address at the time as 52 Fitzpatrick Road in Grafton, and testifies that is where the Yukon was parked while she was away in Florida. (Page Affidavit, at para. 3.) Page admits her children had keys to the Grafton house, and that she left the keys to the Yukon inside that house. {Id., at para. 4.)
During one of the undercover drug transactions, the officer stated to Wheeler: “Nice car. Is it an ‘05?” Wheeler answered him: “No. It’s a ‘02. I just keep it nice.” (Memo at Ex. 1, para. 9.) When the vehicle was impounded, officers found personal items belonging to both Wheeler and Zapata in the car. {Id., at paras. 26-27.) These items included Wheeler’s driver’s license and birth certificate, and Wheeler reclaimed her papers after her arrest. (Memo at Ex. 3.) After the Commonwealth initiated this forfeiture action, Wheeler filed an Answer requesting the return of “her vehicle.” (Memo at Ex. 4.)
Undisputed Facts Material to Innocent Owner
Page testifies Wheeler took the Yukon without Page’s knowledge or permission while Page was living at her Florida residence. (Page Affidavit at paras. 3-4.) Wheeler states the same. (Affidavit of Wheeler Zapata, para. 3.) Page denies any knowledge that Wheeler intended to use the vehicle to facilitate a drug transaction. (Page Affidavit at para. 5.) Page also disclaims any knowledge that Wheeler was involved with illegal drugs. Id. Wheeler had no prior drug arrests. (Memo at Ex. 10a.)
Legal Standards
Summary Judgment Standard
Summary judgment is granted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where as here the opposing party has the burden of proof on an issue at trial, the Commonwealth must demonstrate, “by reference to materials properly in the summary judgment record, unmet by countervailing materials” that the claimant has no reasonable expectation of proving an essential element of her case. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006), citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The Commonwealth may satisfy its burden either by submitting affirmative evidence that negates an essential element of the claim, or by demonstrating that claimant has no reasonable expectation of proving an essential element of her case at trial. Flesner v. Technical Communications Corp., 410 Mass. 804, 809 (1991). A fact is only “material” if it would affect the outcome of the proceeding. Carey, 446 Mass. at 278.
A forfeiture claimant may not defeat the government’s motion merely by resting on the allegations and denials of her pleadings, but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is a genuine issue for trial. Commonwealth v. One 1987 Mercury Cougar, 413 Mass. 534, 536-37 and note 1 (1992); Commonwealth v. Two Parcels of Land, 48 Mass.App.Ct. 693, 696, 702 (2000).
Forfeiture Standard
Any motor vehicle used “to transport, conceal or otherwise facilitate the manufacture, dispensing, distribution of or possession with intent to manufacture, dispense or distribute, a controlled substance . . . shall be subject to forfeiture.” G.L.c. 94c, section 47(a)(3). Transporting a person for the purposes of engaging in a drug transaction qualifies as “facilitating” under the statute. One 1987 Mercury Cougar, 413 Mass. at 537-40. The Commonwealth has presented evidence that Zapata distributed drugs to an undercover police officer in the Yukon while Wheeler drove. Page does not dispute this evidence, which establishes the sufficient nexus to believe that the vehicle was used *338 for illegal activity and is subject to forfeiture. Commonwealth v. Brown, 426 Mass. 475, 481 n.7 (1998) (Commonwealth has initial burden of proof; standard is probable cause); Commonwealth v. One 1994 BMW IS Automobile, 67 Mass.App.Ct. 673, 675 (2006).
The burden then shifts to an intervenor such as Page to prove, by a preponderance of the evidence, that the true owner of the vehicle was unaware of, and did not consent to, the activity. Commonwealth v. 1986 Volkswagen GTI Automobile, 417 Mass. 369, 371 atn.4 (1994); One 1994 BMW, 67 Mass.App.Ct. at675. A vehicle is only forfeitable if the true owner knew or should have known that her property was used for the business of unlawfully manufacturing, dispensing, or distributing controlled substances. G.L.c. 94C, Section 47(c)(3), and Section 47(d) (certain specified exceptions to forfeiture include the use occurring without the claimant’s knowledge).
Findings and Rulings
Page asserts first that she is the true owner, and second that she is an “innocent owner,” as a matter of law, and thus the Yukon cannot be forfeited. Each of these defenses to forfeiture must be taken in turn, for only if Page is the true owner does she have standing to litigate the question of her knowledge. One 1994 BMW, 67 Mass.App.Ct. at 676-77; Two Parcels of Land, 48 Mass.App.Ct. at 702.
The Commonwealth contends Wheeler was the true owner of the vehicle, not Page. 1986 Volkswagen GTI, 417 Mass. at 373-74. For purposes of forfeiture law, a registered owner (Page) need not be found to be the true owner, if someone else (Wheeler) exercises dominion and control over the vehicle. Id., at 374-75; Two Parcels of Land, 48 Mass.App.Ct. at 702-03. If Wheeler is the true owner, Page’s knowledge is irrelevant. 1986 Volkswagen GTI, 417 Mass. at 373-74. To determine ownership, courts look at “indicia of dominion and control such as possession, title and financial stake.” Id at 374, internal citations omitted. The public policy behind a more probing approach to ownership is obvious. If criminals were allowed to avoid forfeiture simply by registering their property in the name of third parties, the purposes of the statute would be readily and easily frustrated. In addition to bare legal title, courts consider who might actually suffer from the forfeiture of a particular item based on the totality of the circumstances. Id at 374-75.
The court finds the following undisputed facts on this record establish by a preponderance that Wheeler was the true owner of the Yukon for forfeiture purposes: Wheeler had unfettered access to the car while her mother was out of town for at least six months, from November 2004 through May 2005; she had open access to the property in Grafton where the car was parked, and open access to the house where the keys were kept in a readily available location; Wheeler drove the car repeatedly with her boyfriend during the relevant period, three such times being documented in this record; during this time she was using the car, Wheeler represented or inferred to the undercover officer that the car was hers, by saying “I keep it nice”; Wheeler and her boyfriend stored numerous personal and important items of theirs in the car (such.as Wheeler’s driver’s license and birth certificate); Wheeler made the effort to retrieve these items from the car once it was in custody; and finally, in her Answer in this case Wheeler asked for return of “her car.”
These facts are sufficient to find Wheeler the true owner of the Yukon as a matter of forfeiture law. 1986 Volkswagen GTI, 417 Mass. at 374-76; One 1994 BMW, 67 Mass.App.Ct. at 676-77; Two Parcels of Land, 48 Mass.App.Ct. at 702. These facts are not countervailed for purposes of summary judgment by Page’s purchase of and holding record title to the Yukon. Nor does Page’s testimony that other children had access to the car defeat summary judgment. Dominion and control for forfeiture purposes requires neither record title nor exclusive possession of the vehicle by Wheeler. 1986 Volkswagen GTI, 417 Mass. at 375.[2]
Because the court finds Wheeler was the true owner, the Yukon is forfeitable, and Page has no standing to mount an innocent owner defense. The Commonwealth’s summary judgment motion for forfeiture is ALLOWED, with respect to both the Yukon and the (unchallenged) currency.

 No opposition has been filed to the Commonwealth’s Motion with respect to the $381.00.

 This case is distinguishable from those relied upon by Page. Page did not retain the Yukon keys herself; and there is no evidence that Wheeler was expressly prohibited from using the Yukon. Compare United States v. 2001 Honda Accord EX, 245 F.Sup.2d 602 (M.D.Pa. 2003); United States v. 1971 Ford Truck, Serial Number F25HRJ82180, 346 F.Sup. 613, 620 (C.D.Cal. 1972).